UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS UNION, LOCAL 234 ELECTRICAL WORKERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br>v.<br><br>CROWN ELECTRIC, INC., a California corporation,<br><br>Defendant. | Case No.: 10-CV-01319-LHK<br><br>ORDER DENYING MOTION FOR DEFAULT JUGMENT WITHOUT PREJUDICE |

Plaintiffs filed this case on March 29, 2010, and served the Defendant on May 14, 2010. The Defendant did not timely answer the complaint, and the Plaintiffs requested entry of default on June 7, 2010. Default was entered on June 9, 2010. On January 28, 2011, the Court ordered Plaintiffs to move for a default judgment within 30 days. Accordingly, on February 24, 2011, Plaintiffs submitted a Motion for Default Judgment (Motion, Dkt. No. 17).

In support of the Motion, Plaintiffs submitted a declaration by James Capers. *See* Dkt. No. 17, Ex. 1. Mr. Capers states that he is a "Compliance Audit Manager" at the Miller, Kaplan, Arase & Co., LLP accounting firm, and that he "conducted an audit of Crow Electric, Inc. (for the time period of January 1, 2009 through December 31, 2010) for contributions due to the International Brotherhood of Electrical Workers (IBEW) Local 234 Trust Funds." Mr. Capers concludes that "the total amount listed represents the total amount Crown Electric, Inc. owes to the Trusts in

underreported and unpaid fringe benefit contributions." *Id*. However, Plaintiffs have provided no evidentiary basis to establish that the hours Mr. Capers states are "under-reported" were actually under-reported. Plaintiffs must provide some foundation for the evidence presented in and underlying Mr. Capers' report. In addition, Mr. Capers states that his report is a draft subject to review by another accountant at his firm. Plaintiffs should submit the final report rather than a draft report. Finally, any updated report must state with specificity the source of entitlement to the recovery sought. For example, it is not clear from Plaintiffs' submission how the "Working Dues" or "N.E.C.A." sums were calculated, where the rates for these values are set forth, or why Plaintiffs are entitled to these values. Plaintiffs must provide the Court with citations to the Inside Agreement (or another relevant source) for each portion of recovery. Mr. Capers' report should be amended to include citations to the source for each type of recovery identified.

Plaintiffs' Motion is DENIED without prejudice. Accordingly, the hearing set for May 12, 2011 is VACATED pursuant to Civil Local Rule 7-1(b). Plaintiffs must submit a renewed Motion addressing the issues raised above **within 21 days of the date of this Order**. Failure to do so will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: May 10, 2011

_____
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-01319-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE